IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN CHARLES SETTER,     : | |
|     Petitioner                                   : | No. 1:24-cv-01227 |
|                                                         : | |
|     v.                                                 : | (Judge Kane) |
|                                                         : | |
| WARDEN D. CHRISTENSON,     : | |
|     Respondent                                : | |

**MEMORANDUM**

Currently before the Court are an application for leave to proceed in forma pauperis, certified prisoner trust fund account statement, and a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by a pro se petitioner who is currently incarcerated in federal prison. For the reasons set forth below, the Court will grant the application for leave to proceed in forma pauperis and dismiss the habeas petition without prejudice to petitioner asserting his claims in a civil complaint.

**I.      BACKGROUND**

Pro se Petitioner Stephen Charles Setter ("Setter") was, for purposes relevant to this Memorandum, incarcerated in a Special Housing Unit ("SHU") at United States Penitentiary Allenwood ("USP Allenwood") while serving a sixty (60)-month sentence of incarceration imposed on March 16, 2021, after he pleaded guilty to arson (18 U.S.C. § 844(i)) in the United States District Court for the Southern District of Georgia on December 1, 2020. (Doc. No. 1 at 1); see United States v. Setter, No. 4:20-cr-00060 (S.D. Ga. filed July 8, 2020), ECF. Nos. 41–43, 53, aff'd, No. 22-12779, 2023 WL 3411553 (11th Cir. May 12, 2023). He has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which the Clerk of Court docketed on July 23, 2024. (Doc. No. 1.)

In his habeas petition, Setter alleges that multiple corrections officers and a lieutenant at USP Allenwood restrained and then assaulted him in May 2024.[1] (Id. at 2, 4.) Setter claims he did not receive any medical attention for his injuries caused by this assault. (Id. at 2.) He also asserts that the assaulting officers and lieutenant have repeatedly told him that if he filed any complaints or lawsuits relating to the assault, they would place him in restraints and beat him for an extended period. (Id. at 2, 3.) Setter avers that he requested that prison officials transfer him to a different SHU "due to [him being] sexually assaulted and fear[ing] retaliation from staff for reporting the PREA and filing on the staff beating [him]." See (id. at 3).

Based on these allegations, Setter asserts that his Eighth Amendment right to be free from cruel and unusual punishment has been violated. (Id. at 3, 4.) For relief, he seeks: (1) monetary compensation totaling $100,000; (2) to have Respondent as well as the assaulting officers and lieutenant held responsible for their actions; (3) a review of all holding cells/restraint cells/suicide cells/dry cells; (4) the placement of cameras in all areas of Federal Bureau of Prison ("BOP") facilities so officers and the inmates are held responsible for their actions; and (5) to be transferred to a different BOP facility's SHU. (Id. at 4.)

When filing his habeas petition, Setter did not apply for leave to proceed in forma pauperis or remit the $5.00 filing fee. As such, an Administrative Order issued on July 23, 2024 requiring him to either remit the fee or apply for leave to proceed in forma pauperis. (Doc. No. 3.) On August 9, 2024, the Clerk of Court received letters from Setter in which he indicated that he was being transferred to a different federal facility and inquired as to whether the Clerk of

---

[1] It is unclear when the alleged assault occurred. For purposes of this Memorandum, the Court presumes that the event occurred in May 2024 because it appears that Setter filed an appeal relating to the incident to Respondent on May 30, 2024. (Doc. No. 1 at 2.) The actual date of the events referenced in Setter's petition have no bearing on the Court's disposition of this action.

Court received the filing fee he purportedly submitted. (Doc. Nos. 5, 6.) In response to these letters, the Clerk of Court issued a response to Setter on August 14, 2024 stating that the filing fee had not been received. (Doc. No. 9.) On the same date, a second Administrative Order issued providing Setter thirty (30) days to remit the fee or apply for leave to proceed in forma pauperis. (Doc. No. 10.) Setter timely complied with this second Administrative Order by filing an application for leave to proceed in forma pauperis ("IFP Application") and certified prisoner trust fund account statement, both of which the Clerk of Court docketed on August 27, 2024. (Doc. Nos. 10, 11.) On January 22, 2025, Setter filed a document the Clerk of Court docketed as a Motion for Interrogatories. (Doc. No. 12.)

## II.   DISCUSSION

### A.   The IFP Application

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." See id. This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit. Neitzke, 490 U.S. at 324, 109 S.Ct. 1827.

See Douris v. Middletown Twp., 293 F. App'x 130, 131–32 (3d Cir. 2008) (unpublished) (footnote omitted).

A litigant can show that they are unable to pay the costs of the lawsuit "based on a showing of indigence." See Deutsch, 67 F.3d at 1084 n.5. The Third Circuit Court of Appeals has not defined what it means to be indigent; nevertheless, "[a] plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'" See Mauro v. N.J. Supreme Ct., 238 F. App'x 791, 793 (3d Cir. 2007) (unpublished) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)). Some district courts have explained that all a litigant needs to show is that because of their poverty, they cannot afford to pay for the costs of the litigation and provide themselves with the necessities of life. See, e.g., Rewolinski v. Morgan, 896 F. Supp. 879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of his poverty, provide himself and any dependents with the necessities of life is sufficient."); Jones v. State, 893 F. Supp. 643, 646 (E.D. Tex. 1995) ("An affidavit to proceed in forma pauperis is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

Here, after reviewing the IFP Application and certified prison trust fund account statement, it appears that Setter is unable to pay the costs of this habeas action. Therefore, the court will grant him leave to proceed in forma pauperis.

**B.      Screening of the Section 2241 Petition**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See R. 4, 28 U.S.C. foll. § 2254; R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not [involving a petition under 28 U.S.C. § 2254]."); see also Heath v. Bell, 448 F. Supp. 416, 417 (M.D. Pa.

1977) (noting that Rule 1(b) of the Rules Governing Section 2254 Habeas Petitions in the United States District Courts renders Rule 4 applicable to Section 2241 habeas petitions).  Thus, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  See McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing R. 4, 28 U.S.C. foll. § 2254).

In this case, Setter purportedly seeks habeas relief pursuant to 28 U.S.C. § 2241.  Section 2241 grants federal district courts authority to grant writs of habeas corpus within their respective jurisdiction if the habeas petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2241(c)(3).  Typically, a Section 2241 habeas petitioner seeks their release from physical imprisonment; nevertheless, there are other restraints of liberty which support the issuance of a writ of habeas corpus.  See Jones v. Cunningham, 371 U.S. 236, 239–40 (1963) (explaining that while "the chief use of habeas corpus has been to seek the release of persons held in actual, physical custody in prison or jail[,]" "the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody").

Setter acknowledges that he is not challenging the validity of his conviction or sentence, which would have required him to file a motion to vacate or set aside his sentence under 28 U.S.C. § 2255 in the Southern District of Georgia.  (Doc. No. 1 at 3.)  However, unlike Section 2255, Section 2241 is not "expressly limited to challenges to the validity of the petitioner's sentence," insofar as it "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of [their] sentence."  See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  To challenge the execution of a sentence, the prisoner must "allege that the BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."  See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012).  Thus, a

5

habeas petition only relates to the execution of a petitioner's sentence if "granting the petition would 'necessarily imply,' a change to the . . . execution of the petitioner's sentence." See McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010).

The issue in this case is that it is apparent on the face of his habeas petition that Setter is not challenging the execution of his sentence. He does not allege that the BOP has failed to comply with a command or recommendation in the Southern District of Georgia's sentencing judgment. Additionally, granting the petition would not affect the execution of his sentence. Instead, Setter seeks only monetary damages and injunctive relief. (Doc. No. 1 at 4.)

In these situations where a habeas petitioner, such as Setter, "is seeking damages, [they are] attacking something other than the fact or length of [their] confinement, and [they are] seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In [such cases], habeas corpus is not an appropriate or available federal remedy." See Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); see also Barela v. Martin, 830 F. App'x 252, 255–56 (10th Cir. 2020) (unpublished) (concluding that Section 2241 habeas petitioner improperly sought "expungement of his disciplinary convictions, return of his personal property, reinstatement to his prior position in the dog program, different housing, prison employment, compensatory damages, and punitive damages" because "[t]hese remedies are available in a civil rights suit but not in a habeas action" (citations omitted)). Instead, the petitioner must file a civil complaint to seek such damages.[2]  See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002)

---

[2]  The Court recognizes that among Setter's requests for relief is a request that he be transferred to a different SHU within the BOP. (Doc. No. 1 at 4.) This general transfer request is not cognizable in a Section 2241 habeas action. See, e.g., Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005) (pointing out that Section 2241 does not allow challenges to a "garden variety prison transfer"); Betts v. Varner, No. 21-cv-01309, 2022 WL 987888, at *6 (M.D. Pa. Mar. 31, 2022) (explaining that pro se plaintiff's request to be transferred to a different prison was a form of prospective injunctive relief, and noting that such a request for relief could

(indicating that when a prisoner challenges a condition of confinement such that finding in the prisoner's favor would not alter their sentence or undo their conviction, a civil rights action is appropriate). Accordingly, the Court will dismiss Setter's Section 2241 habeas petition without prejudice to him pursuing his claims in a civil complaint.[3]

### III.   CONCLUSION

For the foregoing reasons, the Court will grant the IFP Application and dismiss Setter's Section 2241 petition without prejudice to him filing his claims in a civil complaint should he choose to do so. The Court will also deny Setter's motion for interrogatories as moot. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

be proper in a civil rights action). Even if it is a viable form of relief in a Section 2241 action, Setter's request is moot because the BOP's Federal Inmate Locator (https://bop.gov/inmateloc/) shows that he has already been transferred to another federal correctional institution.

[3] The Court expresses no opinion on the viability of any claims if Setter decides to file a civil complaint.